Monell, J.
In the ease of Gilhooly v. Washington (3 Sandf. S. C. R., 330) the law applicable to this case is stated to be, that a letting in good faith of the portion of the premises complained of, without any reason to suspect the purposes for which they are to be used, will not excuse the payment of rent by other tenants. This case was affirmed by the Court of Appeals, without disturbing any of the reasons upon which the judgment below was founded (4 N. Y. R., 211).
To operate as an eviction and determine the lease, it was necessary for the defendant to show in this case that the letting of the lower part of the building was for the purpose of being put to an improper use, or at least with the knowledge of the landlord that it was to be occupied for such improper purpose.
The Court directed a verdict for the plaintiff, for the reason, as stated by the learned Justice, that a verdict for the defendant would be set aside, as being against the clear weight of the evidence.
I have carefully read all the evidence given on the trial, and I have not found any which would have justified a verdict for the defendant.
The only piece of evidence which it can be or is claimed to have some tendency toward supporting the defence and bringing the case within the rule of law above stated, is in the testimony of the defendant.
After stating the character of the occupancy of the basement, and of giving notice thereof to the plaintiff’s assignor, Wetmore, the defendant testified that he took the keys to Wetmore, and told him he abandoned the premises on account of the prostitution in the basement; to which Wetmore replied, “ If I could let the basement for any thing else, for a respectable business, I would have done so; bút I had to take what I can get, they are so far up.” And this is the only evidence upon which the defendant relies as showing a letting by Wetmore for purposes pf prostitution, or a knowledge in him that the premises were to be used for such purpose.
To give the effect to this piece of evidence which the defend *158 ant claims should be given to it, it must of itself (for there is no other evidence to support or corroborate it) be sufficient to fairly establish that Wetmore, when lie let the premises to Brooks, knew that Brooks hired them for and intended to use them in the exceptionable manner complained of. It is not enough that Wetmore afterward became aware of the objectionable use to which Brooks had put the premises.
This-declaration of Wetmore was made some eighteen months after the letting to Brooks, and at the time the defendant was about to abandon the premises on account of the misconduct of Brooks ; and the defendant was testifying to a conversation with Wetmore in respect to such misconduct, and its effect upon the. defendant’s business.
A literal construction of a paid of the language employed Tpy Wetmore might possibly be, that he was aware of the use to which Brooks designed' to put the premises. _ He said if he could let them for a respectable business “he would have done so.”But, taking the whole declaration together, it is entirely evident that he meant, that if he" could then let the premises for any thing else he would do so; for he said, “ if I could let,” &c., referring of course to the present and not to the past.
At the time Brooks fitted up the basement, there was nothing to awaken a suspicion that it was to be used for an improper purpose. It was fitted up as a bar and restaurant; and neither. Wetmore nor the defendant could suppose that Brooks intended to allow the premises to be used for purposes. of prostitution. Bor was there any fact or circumstance shown which was calculated to apprise Wetmore, or from which it could be inferred that he knew at the time of letting to Brooks that they would be used for an improper and injurious purpose. Therefore, to justify a verdict for the defendant, the declaration testified to must be taken to be of itself sufficient evidence of such knowledge in Wetmore. I am not willing to give it such weight. It is, in my judgment, too loose, and too uncertain as to its meaning, to justify, without corroboration or support, a conviction of Wet-more of being a party to the designs of Brooks.
*159 I am, therefore, of the opinion that there was not sufficient evidence to sustain the defence, and that the direction to find a verdict for the plaintiff was correct.
The judgment should he affirmed.